UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANN GATEN JAMES, SUBSTITUTED          CIVIL ACTION
PARTY FOR MINOR CHILD, DESMOND
D. GATEN, DECEASED                       NUMBER: 08-4480

VERSUS                                   SECTION: "I"(5)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(B), this matter comes before the Court on defendant's motion to remand and plaintiff's opposition thereto. (Rec. docs. 11, 13, 16). For the reasons that follow, it is recommended that defendant's motion be granted.

Based upon a review of the exhibits attached to defendant's motion,[1]/ on October 25, 1989, an application for Supplemental Security Income ("SSI") benefits was filed by plaintiff, JoAnn

---

[1]/ Defendant brought his motion before filing either an answer to plaintiff's complaint or the transcript of the administrative proceedings conducted below.

Gaten James, on behalf of her son, Desmond D. Gaten. ("Gaten"). (Rec. doc. 11-3, p. 2). By notice dated May 6, 1992, plaintiff was notified that her son would receive SSI benefits pursuant to the Supreme Court's decision in <u>Sullivan v. Zebley</u>, 493 U.S. 521, 110 S.Ct. 885 (1990). (<u>Id</u>. at pp. 2, 5-19). Some years later, following a continuing disability review, the Administration found that Gaten's disabilty had ceased effective June 1, 1998 and that his SSI benefits would therefore be terminated as of August 1, 1998. (<u>Id</u>. at pp. 2-3, 20). That decision was affirmed at the reconsideration level of the Commissioner's administrative review process on December 1, 1998. (<u>Id</u>. at pp. 2, 21). Pursuant to plaintiff's request, a hearing <u>de novo</u> before an Administrative Law Judge ("ALJ") went forward on August 27, 1999 at which plaintiff and her son appeared and testified. (<u>Id</u>. at pp. 3, 26). On September 20, 1999, the ALJ issued a written decision in which he agreed that Gaten's disability ceased effective June 1, 1998. (<u>Id</u>. at pp. 22-31). It is unclear whether Gaten sought review of the ALJ's decision by the Appeals Council ("AC"). (Compare rec. doc. 11-3, p. 3 with rec. doc. 11-3, p. 61).

Thereafter, on January 11, 2000, plaintiff apparently filed another application for SSI benefits on behalf of her son which was initially denied on May 12, 2000 and was not appealed further. (Rec. doc. 11-3, p. 35). On August 9, 2000, yet another

2

application for SSI benefits was filed on Gaten's behalf. (Id. at pp. 3, 35). That application was denied initially and upon reconsideration following which plaintiff had a hearing de novo before an ALJ on April 4, 2001. (Id. at pp. 3, 35). On April 24, 2001, the ALJ issued a written decision in which he concluded that Gaten was not disabled within the meaning of the Social Security Act. (Id. at pp. 3, 32-41). The AC denied plaintiff's request for review of the ALJ's decision on November 9, 2001. (Id. at pp. 3, 42-43).

On December 10, 2001, another application for SSI benefits was filed by plaintiff on her son's behalf. (Rec. doc. 11-3, pp. 3, 44-45). That application was initially denied and a hearing before an ALJ went forward on May 5, 2003 at which plaintiff and her son appeared and testified. (Id. at pp. 3, 49). On November 25, 2003, the ALJ issued a written decision in which he concluded that plaintiff's son was not disabled. (Id. at pp. 3, 46-54). Plaintiff then requested review of the ALJ's decision by the AC which, on March 12, 2004, vacated that decision and remanded the matter back to the ALJ for resolution of various issues. (Id. at pp. 3, 55, 56-57). However, on October 18, 2006, before another administrative hearing could be held, plaintiff's son was tragically murdered in a drive-by shooting. (Id. at pp. 3, 61). In light of the minor's death, on January 23, 2007, the ALJ dismissed plaintiff's request

3

for a hearing pursuant to 20 C.F.R. §416.1457(c)(4). (<u>Id</u>. at pp. 3, 58-63). On January 23, 2007, the AC denied plaintiff's request for review of the ALJ's order of dismissal. (<u>Id</u>. at pp. 4, 62-63). The instant suit followed. (Rec. doc. 1).

Defendant now moves the Court to remand plaintiff's case to the Administration pursuant to sentence six of 42 U.S.C. §405(g). Defendant argues that there is no "final decision of the Commissioner of Social Security made after a hearing" that is properly before the Court for judicial review under §405(g). Upon remand, defendant proposes that the AC will, in turn, remand plaintiff's case to an ALJ for a hearing and a decision on the merits of the application for SSI benefits that plaintiff filed on December 10, 2001. (Rec. doc. 11, pp. 1-4). For her part, plaintiff agrees that "... a sentence 6 remand is certainly needed at this stage in these proceedings, but no limitation or exclusions should be included in the remand order required herein on Judicial Review." (Rec. doc. 16, p. 3).

Title 42 U.S.C. §405(g), which is incorporated into 42 U.S.C. §1383(c)(3) by reference, vests federal courts with jurisdiction only over civil actions contesting a "... final decision of the Commissioner of Social Security <u>made after a hearing</u> ..." (emphasis added). When an ALJ <u>dismisses</u> a claimant's request for a hearing, and thus no administrative hearing is ever held, there can be no

4

"final decision" within the meaning of §405(g) that is capable of judicial review. <u>Brandyburg v. Sullivan</u>, 959 F.2d 555, 558-60 (5th Cir. 1992); <u>Atamian v. Barnhart</u>, 2002 WL 1012942 at *3 (D. Del. May 6, 2002), <u>aff'd</u> 55 Fed.Appx. 104 (3rd Cir)(table), <u>cert</u>. <u>denied</u>, 538 U.S. 1064, 123 S.Ct. 2229 (2003).

In the present case, the ALJ dismissed plaintiff's request for a hearing pursuant to §416.1457(c)(4) and no administrative hearing was ever held. There is thus no "final decision" that is ripe for judicial review. Based on the papers that are before the Court, it is unclear whether plaintiff availed herself of the provisions of §§416.1457(c)(4)(i), 416.1460, or 416.1467 by submitting a request for a hearing or a request for the vacating of the dismissal order, accompanied by substantiating documentation, within sixty days of the order of dismissal. As a result, the dismissal of the request for hearing is binding unless and until it is vacated by an ALJ or the AC. 20 C.F.R. §416.1459. Jurisdiction being questionable here, plaintiff is hardly in a position to dictate the terms and conditions of a remand to which she would otherwise not be entitled save defendant's motion.[2]/ Plaintiff may

---

[2]/ The Court also lacks jurisdiction to review the Commissioner's earlier decision to terminate SSI benefits based on plaintiff's failure to seek review of that decision by the AC, 20 C.F.R. §416.1455, or, if AC review was sought, plaintiff's failure to challenge the termination by filing a lawsuit in this Court. 20 C.F.R. §416.1481.

wish to direct her concerns regarding the scope of the proceedings following remand to the AC once her case is before the Administration again.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendant's motion be granted and that plaintiff's case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. §405(g).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  18th  day of   August   , 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE