UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANN GATEN JAMES, substituted party for minor child, D.D.G., deceased | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 08-4480 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | * | SECTION: "I"(5) |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying plaintiff Supplemental Security Income ("SSI") benefits for/on behalf of her minor son, D.D.G. (Rec. docs. 28, 31).

The procedural history leading to the matter at hand is long and tortuous indeed. On October 25, 1989, an application for SSI benefits was filed by plaintiff herein, Joann Gaten James, on behalf of her minor son, D.D.G. (Tr. p. 12). By notice dated May 6, 1992, plaintiff was notified that her son was entitled to SSI

benefits pursuant to the Supreme Court's decision in <u>Sullivan v. Zebley</u>, 493 U.S. 521, 110 S.Ct. 885 (1990).  (<u>Id</u>.). Some years later, following a continuing disability review, the Administration determined that D.D.G.'s disability had ended effective June 1, 1998 and that his SSI benefits would therefore be terminated as of August 1, 1998.  (<u>Id</u>.).  That determination was appealed by plaintiff and following a hearing before an Administrative Law Judge ("ALJ"), on September 20, 1999, the ALJ issued a written decision in which he agreed that D.D.G.'s disability had ended effective June 1, 1998.  (<u>Id</u>.).  Review of the ALJ's cessation decision was not sought from the Appeals Council ("AC").  (Rec. doc. 28-4, p. 2).  As a result, the ALJ's decision that D.D.G. was no longer entitled to SSI benefits because the final, binding decision of the Commissioner.  20 C.F.R §416.1455.

Thereafter, on January 11, 2000 a second application for SSI benefits was filed on D.D.G.'s behalf which was denied at the initial level of the Commissioner's Administrative review process on May 12, 2000 and was not appealed further.  (Tr. p. 12).  On August 9, 2000, a third application for SSI benefits was filed on D.D.G.'s behalf.  (<u>Id</u>.).  In due course, an ALJ issued a written decision in which he concluded that the child was not disabled within the meaning of the Social Security Act.  (<u>Id</u>.).  The AC subsequently denied plaintiff's request for review of the ALJ's

decision November 9, 2001. (Id.). No lawsuit challenging the denial of that third application for SSI benefits was brought.

On December 10, 2001, a fourth application for SSI benefits, the application that is the subject of this lawsuit, was filed on D.D.G.'s behalf with a protective filing date of November 28, 2001. (Tr. pp. 53-54, 50). Following proceedings at the administrative level, on November 25, 2003, an ALJ issued a written decision in which he concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 210-218). Plaintiff then requested review of the ALJ's decision by the AC which, on March 12, 2004, vacated that decision and remanded the matter back to the ALJ for resolution of various issues. (Tr. pp. 222-224). However, on October 18, 2006, before another administrative hearing could be held, plaintiff's son was tragically killed in a drive-by shooting. (Tr. p. 12). In light of the minor's unfortunate death, on January 23, 2007, the ALJ dismissed plaintiff's request for a hearing presumably pursuant to the authority of 20 C.F.R. §416.1457(c)(4). (Tr. pp. 261-264). On July 21, 2008, the AC denied plaintiff's request for review of the ALJ's order of dismissal. (Tr. pp. 320-321). Plaintiff then filed the above-captioned lawsuit seeking judicial review of the Commissioner's most recent adverse adjudication. (Rec. doc. 1). Ultimately, the case was remanded back to the Commissioner pursuant to the sixth

sentence of 42 U.S.C. §405(g) because the lack of an administrative hearing on the fourth application for SSI benefits thus meant that there was no "final decision" that was susceptible of judicial review.  (Rec. docs. 17, 18).

Following the court-ordered remand, the AC formally returned the matter back to the ALJ to consider the merits of plaintiff's fourth application for SSI benefits and to comply with the AC's earlier order of remand of March 12, 2004.  (Tr. pp. 329-332). The ALJ, in turn, held two administrative hearings, the first one on November 15, 2010 and the second one on May 20, 2011 at which plaintiff's cousin testified.  (Tr. pp. 417-431, 432-459).  On August 23, 2011, the ALJ issued a written decision in which he concluded that D.D.G was not disabled within the meaning of the Social Security Act.  (Tr. pp. 9-23).  In so doing, the ALJ noted that the decisions on plaintiff's earlier applications discontinuing D.D.G.'s  SSI benefits and denying his subsequent requests for SSI benefits had become administratively final and subject to the doctrine of <u>res judicata</u>.  (Tr. p. 12).  When plaintiff failed to file exceptions to the ALJ's adverse decision of August 23, 2011 and the AC did not assume jurisdiction over the case, the ALJ's decision became the final decision of the Commissioner under 20 C.F.R. §416.1484(d).  That renders this matter now ripe for judicial review under 42 U.S.C. §§405(g) and

1383(c)(3).

In her cross-motion for summary judgment, plaintiff does not challenge the ALJ's substantive finding of August 23, 2011 that D.D.G. was not disabled subsequent to November 28, 2001, the protective filing date of the SSI application sub judice. Instead, she frames the issues for judicial review in more procedural terms, as follows:

1. [d]oes not [the] SSA bear the burden of proof in termination of disability procedures & decisions?

2. [i]f certain procedural authorities provide that a substitution of party form be executed and filed within sixty days of a deceased claimant's death date, does that not then put a burden of care upon the presiding ALJ and the SSA just as rests upon the ALJ and SSA to make certain that the representative's fee agreement and appointment of representative form is of record before proceeding to represent a client in an administrative hearing? And is or is not failure to do so within strict time frames just "harmless error"?

3. [w]as it not reversible error on the part of the presiding ALJ at the administrative hearing on Sentence Six Remand herein when he refused to allow the proffer of the affidavit of a close friend of and former teacher of the minor child, Desmond D. Gaten during his lifetime?

(Rec. doc. 28-1, p.7).

In her first challenge to the Commissioner's decision, plaintiff posits the general question of whether the Commissioner

5

bears the burden of proof in cases in which a claimant's SSI benefits are terminated. The answer to that question is, of course, yes. See Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002); Griego v. Sullivan, 940 F.2d 942, 943-44 (5th Cir. 1991). While plaintiff's query would certainly be relevant if the termination of D.D.G's SSI benefits was properly before the Court, such is simply not the case here. As was discussed in the procedural history set forth above, on September 20, 1999, an ALJ issued a written decision in which he found that D.D.G.'s entitlement to SSI benefits ended effective June 1, 1998. Review of that decision was not sought from the AC, as a consequence of which the ALJ's decision became the final, binding decision of the Commissioner sixty days after its issuance. 20 C.F.R. §416.1455.

The absence of action from the AC on the benefits termination issue deprives the Court of jurisdiction to review it. Harper by Harper v. Bowen, 813 F.2d 737, 743 (5th Cir. 1987); Alexander v. Sullivan, No. 92-CV-1950, 1992 WL 315105 (E.D. La. Oct. 16, 1992). The Court parenthetically observed as much in the Report and Recommendation that it previously issued in this matter. (Rec. doc. 17, p. 5 n.7). As between the parties, the termination of D.D.G.'s SSI benefits is also unreviewable under notions of administrative res judicata. Califano v. Sanders, 430 U.S. 99, 107-09, 97 S.Ct. 980, 985-86 (1977); Muse v. Sullivan, 925 F.2d

785, 787 n.1 (5th Cir. 1991).  Plaintiff's general plea of a due process violation is insufficient to bring it within the narrow exception recognized by Sanders, 430 U.S. at 108-09, 97 S.Ct. at 986, because the cornerstone of due process is a "meaningful opportunity to be heard."  Ford v. Shalala, 87 F.Supp.2d 163, 175-76 (E.D. N.Y. 1999), judgment entered, 2000 WL 281888 (E.D. N.Y. Jan. 13, 2000) (quoting Goldberg v. Kelly, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020 (1970)).  By providing claimants with the multi-step administrative review process through which adverse decisions like the termination of benefits can be reviewed, the Commissioner has furnished Social Security applicants with all the process that is due to them.  Bryant v. Astrue, No. 11-CV-0564 (E.D. La. June 30, 2011), adopted, 2011 WL 3359558 (E.D. La. Aug. 3, 2011).  That plaintiff failed to  do so back in 1999 does not elevate the termination of benefits to D.D.G. to a violation of constitutional proportions.  This challenge is without merit.

In her second challenge to the Commissioner's decision, plaintiff broadly complains of the Administration's handling of a "Substitution of Party" form following the untimely death of her son.

Following D.D.G.'s unfortunate passing on October 18, 2006, an administrative hearing was held on November 15, 2006 by the ALJ who was then considering the minor child's fourth application for SSI

benefits. At the outset of that hearing, the ALJ admittedly "... state[d] for the record that I have received a substitute party form." (Tr. p. 290). That form does not appear in the record of the administrative proceedings held below. On January 23, 2007, the ALJ dismissed plaintiff's request for a hearing on the fourth application as an appropriate course of action "... when the person requesting the hearing dies, there are no other parties to the claim and there is no information to show that the claimant may have a surviving spouse or parent who meets the requirements of Section 1631(b) of the Social Security Act, as amended." (Tr. p. 264). The AC would subsequently deny plaintiff's request for review of the ALJ's order of dismissal and this lawsuit followed.

After the District Judge remanded this case back to the Administration, the AC formally vacated the previous decision of the Commissioner and remanded the matter back to an ALJ for further proceedings, including a consideration of the merits of plaintiff's fourth application for SSI benefits. (Tr. pp. 329-332). In connection with those proceedings, plaintiff duly executed a Substitution of Party form which was properly filed in the proceedings below. (Tr. pp. 356-358). Following two hearings, the ALJ issued a written decision denying plaintiff's fourth application for SSI benefits on the merits. (Tr. pp. 9-23).

8

In light of the foregoing, plaintiff's complaints regarding the handling of Substitution of Party form are now moot.  Although the first form that she executed was apparently misplaced and the fourth application for SSI benefits was initially denied, that denial was subsequently vacated following the remand of this matter.  A second Substitution of Party form was then executed by plaintiff and was filed in the record.  Ultimately, the fourth application was denied on the merits and not on procedural grounds such as a failure to substitute the appropriate party.  Plaintiff's second challenge to the Commissioner's decision is also without merit.

Plaintiff's third and final challenge to the Commissioner's decision is that the ALJ, during the course of the administrative hearing that was held on May 20, 2011, refused to allow the proffer of an affidavit from a former teacher of D.D.G.  Plaintiff argues that acceptance of the proffer was mandated by provisions of the Hearings, Appeals, and Litigation Law Manual ("HALLEX") and that the ALJ's refusal to do so amounts to reversible error.

In <u>Newton v. Apfel</u>, 209 F.3d 448 (5th Cir. 2000), the Fifth Circuit touched upon the authoritativeness of the provisions of HALLEX, as follows:

> [w]hile HALLEX does not carry the authority of law, this Court has held that "where the rights of individuals are affected, an agency

> must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." See Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981). If prejudice results from a violation, the result cannot stand. Id.

Newton, 209 F.3d at 459.

Citing HALLEX "1-2-730", plaintiff argues that it was reversible error for the ALJ to reject the proffer of the affidavit in question during the course of the administrative hearing that was held on May 20, 2011. (Rec. doc. 28-1, p. 7). The Court assumes that plaintiff is referring to HALLEX I-2-7-30, which is titled "Proffer Procedures". HALLEX I-2-7-30, 1993 WL 643048 (Sept. 2, 2005). As a reading of that provision and the cases interpreting it make it clear, I-2-7-30 deals with the handling of evidence which is generated following an administrative hearing and the propriety of ordering a supplemental hearing. Herndon v. Comm. of Soc. Sec. Adm., No. 11-CV-240, 2012 WL 987582 at *5-6 (N.D. Tex. Feb. 27, 2012), adopted, 2012 WL 987568 (N.D. Tex. Mar 23, 2012); Lindsey v. Comm. of Soc. Sec., No. 08-CV-233, 2009 WL 4738168 at *6 (N.D. Miss. Dec. 4, 2009); Herndon v. Comm. of Soc. Sec. Adm., No. 08-CV-021, 2009 WL 3644892 at *2 (N.D. Miss. Oct. 30, 2009); Curtis v. Comm. Soc. Sec. Adm., No. 06-CV-2262, 2008 WL 919692 at *1-3 (W.D. La. Feb. 27, 2008). As noted by the Commissioner, the more appropriate provision of HALLEX is I-2-6-58 which deals with

"Admitting Evidence Into the Record at the Hearing". HALLEX I-2-6-58, 1993 WL 643036 (Sept. 2, 2005). That provision provides that "[t]he Administrative Law Judge (ALJ) will admit into the record any evidence he or she determines is material to the issues in the case". Notes 2 and 3 to I-2-6-58 further provide that "[o]nly evidence that is material to the determination of the issues before the ALJ should be admitted" and that "[e]vidence is material if it [is] ... on or after the application date or protective filing date of a Title XVI application claiming disability..." Id.

At the administrative hearing that was held on May 20, 2011, the ALJ inquired as to the time period embraced by the affidavit and was told that it covered the year 2000. (Tr. pp. 454-457). Indeed, the ALJ noted that the affidavit had previously been filed as an exhibit in the record of one of plaintiff's prior applications for SSI benefits. (Tr. p. 456). Because the time period including the year 2000 had already been adjudicated to plaintiff's detriment in her second and third applications for SSI benefits and the fourth application covered the time period subsequent to November 28, 2001, the majority of the affidavit was not material to that fourth application. It follows, therefore, that the ALJ did not err in refusing to admit it into evidence. Newton, 209 F.3d at 459-60. To the extent that the affidavit discusses a single, chance meeting between the affiant and D.D.G.

11

that occurred subsequent to 2003, the most insight that it provides into his functioning at the time was simply to state that he had found a part-time job and was working. (Rec. doc. 28-3, p.2). The Court also notes that the School Function Report attached to plaintiff's motion pre-dates one that the affiant had previously completed which was filed in the record and was considered by the ALJ. (Tr. pp. 411-416). The high level of prejudice required to obtain relief for violations of HALLEX and due process has not been established here. Curtis, 2008 WL 919692 at *2.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __19th__ day of ___February___, 2013.


                                    _____
                                         ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE